(89 Misc. Rep. 66)

### In re STEINER'S WILL.

(Surrogate's Court, New York County.   January, 1915.)

WILLS ⬤⟿191—CANCELLATION—MARRIAGE OF TESTATOR.

A will reciting that it is to be regarded as canceled the day testator enters matrimony is not effectually "canceled," within Decedent Estate Law (Consol. Laws, c. 13) § 34, providing the method for cancellation of wills by marriage.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 469–478; Dec. Dig. ⬤⟿191.]

Contested probate of the will of Robert J. Steiner, deceased.   Probate decreed.

Jay C. Guggenheimer, of New York City, for proponent.
Breed, Abbott & Morgan, of New York City, for contestant.
Arthur L. Strasser, of New York City, for Franz and Willy Steiner.

COHALAN, S.   Robert J. Steiner drafted his own will and executed it September 16, 1913.   The beneficiaries are his two brothers and certain of his friends.   When the paper was executed the testator was evidently contemplating matrimony with the young woman whom he subsequently married January 17, 1914.   The testator died April 13, 1914, without executing any other testamentary instrument. No issue survived him.   In the instrument propounded for probate is the following provision:

"This will to be regarded as canceled the day I will enter matrimony."

The widow of the deceased contests the validity of the will upon the sole ground that it became void by the performance of the condition upon which the cancellation or revocation of the instrument was made dependent.   There can be no doubt that upon its execution the paper propounded became a lawful disposition of the testator's property to take effect at his death, provided he died unmarried without making another will or revoking the will already made.   If the testator had died between the time of the execution of the instrument and his marriage, the instrument undoubtedly would have been effective, as a will, without the happening of any other condition or contingency. Therefore the paper offered for probate is not a contingent or conditional will.

The will, once duly executed, could only be canceled or revoked in the manner provided by statute.   The statute (Decedent Estate Law, § 34) provides that:

"No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some *other* will in writing, or·some *other writing* of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed, or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses."

This will was not effectively "canceled," because the intended cancellation was not done in the particular manner prescribed by the above statute. If the attempted cancellation be considered a revocation, the statute again stands in the way, because it is specifically provided therein that a will can be revoked only by "some other will" or by "some other writing" of the testator "executed with the same formalities with which the will itself was required by law to be executed."

It is earnestly contended by the contestant that the testamentary act of the testator should be given the same legal effect as though he had said: "If I die unmarried, this shall be my will." A sufficient answer to this contention is the fact that the provisions of the will itself and the testimony show that the testator did not make a conditional or contingent will. Assuming that the testator believed that his marriage had revoked or canceled his will, and that it was his desire to provide for his wife in another will or to leave her provided for by his dying intestate, such intention would have no more effect in law than that of a testator who had drawn his own will in disregard of the statute of wills. In either case it is well settled that it is the intent of the Legislature, and not the intent of the testator, which must prevail. There is the same necessity in both cases for a substantial compliance with the statutes.

I am therefore constrained to admit to probate the instrument offered as the last will and testament of the deceased. Submit decision and decree, and tax costs on notice.

Probate decreed.